1  J. Noah Hagey, Esq. (SBN: 262331)
   hagey@braunhagey.com
2  Matthew Borden, Esq. (SBN: 214323)
   borden@braunhagey.com
3  Allyson Fair, Esq. (SBN: 287926)
   fair@braunhagey.com
4  BRAUNHAGEY & BORDEN LLP
   220 Sansome Street, Second Floor
5  San Francisco, CA 94104
   Telephone: (415) 599-0210
6  Facsimile: (415) 276-1808

7  ATTORNEYS FOR THIRD PARTY
   VMG EQUITY PARTNERS GP, L.P.
8

**FILED**

AUG 0 8 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

9                    UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

**JST**

11

                     CV 13  80 166MISC

12  MICHAEL HILL, individually and on behalf of  )
    all others similarly situated,              )
13                                              )
                                                )   **DECLARATION OF J. NOAH HAGEY**
14            Plaintiff,                         )   **IN SUPPORT OF MOTION TO QUASH**
                                                )   **AND FOR SANCTIONS**
15     v.                                       )
                                                )   Date:          **TBD**
16  ROBERT'S AMERICAN GOURMET FOOD,             )   Time:          **TBD**
    LLC, *et al.*,                              )   Action Filed:  **February 15, 2013**
17                                              )   Trial date:    **None set**
                                                )
18            Defendant.                         )
                                                )
19                                              )
                                                )
20  _____)

21

22

23

24

25

26

27

28

                                            1

1 I, J. Noah Hagey hereby declare:

2     1.    I am an attorney licensed to practice in California and before this Court. I am the
3 managing partner of BraunHagey & Borden LLP, counsel for VMG Equity Partners GP, L.P.
4 ("VMG"), and have personal knowledge of the facts stated herein and, if called as a witness I
5 could, and would, testify competently thereto.

6     2.    On July 30, 2013, counsel for Plaintiff, Theodore Maya of Ahdoot & Wolfson, PC,
7 sent me and my colleague Matthew Borden an email enclosing the Subpoena and stating that it
8 would be serving it shortly. Mr. Borden responded shortly thereafter, stating that the Subpoena
9 should not be issued because "Discovery hasn't started." Attached as **Exhibit A** is a true and
10 correct copy of this email correspondence.

11     3.    Later that day, and notwithstanding the Stay Order's bar on discovery, Plaintiff
12 proceeded to serve the Subpoena. Attached as **Exhibit B** is a true and correct copy of the
13 Subpoena served on VMG.

14     4.    VMG is a former investor in Defendant Robert's American Gourmet Food, LLC, the
15 defendant in the underlying action. The Subpoena seeks 48 categories of voluminous documents
16 from VMG, compliance with which would cost my client tens of thousands of dollars in attorney
17 fees, and additional internal human resource expense.

18     5.    To-date, Plaintiff has made no effort to seek the subject documents from Defendant.
19 It has not done so because the Court stayed all discovery in this case on June 20, 2013 in response
20 to Defendant's request. (Dkt No. 50.) The Court has not lifted the stay, nor have any of the
21 conditions for beginning discovery been met, *e.g.*, the holding of a Case Management Conference.

22     6.    Following service of the Subpoena, I sought Plaintiff's cooperation to voluntarily
23 withdraw it. In addition to numerous email exchanges, on Monday, August 5, 2013, I had a phone
24 conversation with Plaintiff's counsel Mr. Maya. On Wednesday, August 7, 2013, I also left a
25 message for another of Plaintiff's counsel, Tina Wolfson, after she had indicated to call her at that
26 time in an effort to resolve VMG's motion. Attached as **Exhibit C** is a true and correct copy of
27 this email correspondence.

28

1    7.    Despite VMG's efforts, Plaintiff has refused to withdraw the Subpoena, thus

2 necessitating the instant motion.

3    8.    This also is not the first instance of Plaintiff's harassment of an alleged third party

4 investor in Defendant. In May 2013, Plaintiff named a different VMG entity, VMG Partners II,

5 LLC, as a party defendant in a failed effort to avoid transfer of this action to the Eastern District of

6 New York. (VMG is a California-based firm, thus Plaintiff's effort to name it in this litigation.)

7 The Court ultimately rejected Plaintiff's efforts to prevent transfer and ordered the case transferred

8 to the Eastern District of New York. (Dkt No. 61.)

9    9.    Within minutes of the Court's transfer order, Plaintiff requested to voluntarily

10 dismiss the VMG entity – i.e., despite my office's repeated requests that it do so given VMG's

11 irrelevance to the claims or issues in dispute.

12    10.    Preparing for and filing this motion took approximately 20 hours of associate time at

13 a rate of $325 per hour, 5 hours of my time at a rate of $695 per hour, and 4 hours of other attorney

14 time at a blended rate of $550 per hour, for a total of approximately $12,000, not including

15 paralegal time. I anticipate that analyzing the opposition brief and preparing a reply will take at

16 least 10 more hours, and preparing for and attending the hearing will take at least 3 more hours, or

17 approximately $7,500. I will submit a declaration setting forth that time should the Court so

18 request. The rates above are the actual rates charged by my firm for this engagement, and are our

19 standard and customary rates.

20    I hereby declare under penalty of perjury of the laws of the United States that the foregoing

21 is true and correct.

22

23 Executed on this 8th day of August 2013.       /s                             

24                                                      J. Noah Hagey

25

26

27

28

HAGEY DECLARATION IN SUPPORT OF MOTION TO QUASH AND FOR SANCTIONS

# EXHIBIT A

| **From:** | Matthew Borden |
| **To:** | Ted Maya; Noah Hagey |
| **Cc:** | Tina Wolfson; Robert Ahdoot; Candy Jadis; Rebecca Cross; Allyson Fair |
| **Subject:** | RE: Hill v. Robert"s American Gourmet Food, LLC et al., Case No. 13-cv-4239 |
| **Date:** | Tuesday, July 30, 2013 6:15:02 PM |

Ted, not sure why are you sending this. Discovery hasn't started. Obviously, if it is served, we will seek sanctions. *See Molefi v. Oppenheimer Trust*, No. 03-5631 FB(VVP), 2007 WL 538547 (E.D.N.Y. Feb. 15, 2007).

Matt

Matthew Borden, Esq.
(415) 599-0212
borden@braunhagey.com

**From:** Ted Maya [mailto:tmaya@ahdootwolfson.com]
**Sent:** Tuesday, July 30, 2013 1:26 PM
**To:** Matthew Borden; Noah Hagey
**Cc:** Tina Wolfson; Robert Ahdoot; Candy Jadis
**Subject:** Hill v. Robert's American Gourmet Food, LLC et al., Case No. 13-cv-4239

Counsel,

Attached please find a subpoena that we will serve on VMG.

Thank you,

Theodore Maya

**AHDOOT & WOLFSON, PC**
10850 Wilshire Boulevard, Suite 370
Los Angeles, California 90024
Phn:  (310) 474-9111
Fax:   (310) 474-8585
E-mail: tmaya@ahdootwolfson.com

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

IRS CIRCULAR 230: UNDER U.S. TREASURY REGULATIONS, WE ARE REQUIRED TO INFORM YOU THAT ANY TAX ADVICE CONTAINED IN THIS COMMUNICATION (INCLUDING ANY ATTACHMENT) IS NOT INTENDED TO BE USED, AND CANNOT BE USED, TO AVOID PENALTIES IMPOSED UNDER THE INTERNAL REVENUE CODE.

# EXHIBIT B

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Northern District of California

| | | |
|---|---|---|
| Michael Hill | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  13-cv-4239 |
| ROBERT'S AMERICAN GOURMET FOOD, LLC | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Eastern District of New York        ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  VMG Equity Partners GP, L.P.
      39 Mesa Street, Suite 201, San Francisco, California, 94129

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Attachment 1

| Place: Ram, Olson, Cereghino & Kopczynski LLP, 555 Montgomery Street, Suite 820 San Francisco, California 94111 | Date and Time: 08/14/2013 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:    07/30/2013

                    *CLERK OF COURT*

                                                    OR    _____
    _____                            *Attorney's Signature*
       *Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*        Plaintiff
Michael Hill                                                   , who issues or requests this subpoena, are:

Tina Wolfson (SBN 174806); Theodore Maya (SBN 223242)
AHDOOT & WOLFSON, P.C., 10850 Wilshire Blvd., Suite 370, Los Angeles, CA 90024
310-474-9111

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 13-cv-4239

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

    ☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

    ☐ I returned the subpoena unexecuted because: _____

_____ .

    Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

    $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

    I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

### Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**ATTACHMENT 1**

The records to be produced are described as follows (terms that are fully capitalized have the meanings described below under the "Definitions" title):

**REQUEST NO. 1.**

Copies of all MARKETING MATERIALS used for the PRODUCTS from February 15, 2009 to the present.

**REQUEST NO. 2.**

DOCUMENTS sufficient to identify the time period during which, geographic area where, and the medium by which each of the MARKETING MATERIALS produced in response to Request No. 1 was or is used.

**REQUEST NO. 3.**

Copies of all versions and drafts of package labeling for the PRODUCTS, whether or not ultimately utilized.

**REQUEST NO. 4.**

All DOCUMENTS CONCERNING the ALL NATURAL ADVERTISING.

**REQUEST NO. 5.**

All DOCUMENTS CONCERNING YOUR role in the development of MARKETING MATERIALS for the PRODUCTS.

**REQUEST NO. 6.**

All DOCUMENTS CONCERNING approval of MARKETING MATERIALS for the PRODUCTS.

**REQUEST NO. 7.**

All DOCUMENTS CONCERNING the ALL NATURAL ADVERTISING on MARKETING MATERIALS for PIRATE BRANDS or for the PRODUCTS.

**REQUEST NO. 8.**

All DOCUMENTS CONCERNING correspondence among YOUR employees, or between YOU and PIRATE BRANDS, regarding ALL NATURAL ADVERTISING.

**REQUEST NO. 9.**

All DOCUMENTS CONCERNING correspondence with B&G FOODS, regarding ALL NATURAL ADVERTISING.

**REQUEST NO. 10.**

All DOCUMENTS CONCERNING any anticipated or actual benefits derived or to be derived from the use of ALL NATURAL ADVERTISING for PIRATE BRANDS, or for the PRODUCTS.

**REQUEST NO. 11.**

All DOCUMENTS CONCERNING consumer understanding of or response to ALL NATURAL ADVERTISING, including but not limited to consumer surveys, whether prepared by YOU, on YOUR behalf, or by third parties.

**REQUEST NO. 12.**

All DOCUMENTS CONCERNING any consumer complaints or confusion regarding the ALL NATURAL ADVERTISING.

**REQUEST NO. 13.**

All DOCUMENTS CONCERNING any marketing study or analysis with respect to (a) the use of the term "natural"; (b) ALL NATURAL ADVERTISING; or (c) GMO foods or ingredients.

**REQUEST NO. 14.**

All DOCUMENTS CONCERNING the presence or absence of GMOs in the PRODUCTS, including, but not limited to, all DOCUMENTS CONCERNING any testing revealing the presence or absence of GMOs in the PRODUCTS.

**REQUEST NO. 15.**

All DOCUMENTS CONCERNING GMOs.

**REQUEST NO. 16.**

All DOCUMENTS CONCERNING whether sunflower oil can be labeled "natural."

**REQUEST NO. 17.**

All DOCUMENTS CONCERNING how sunflower oil is manufactured.

2

**REQUEST NO. 18.**

All DOCUMENTS CONCERNING whether corn oil can be labeled "natural."

**REQUEST NO. 19.**

All DOCUMENTS CONCERNING how corn oil is manufactured.

**REQUEST NO. 20.**

All DOCUMENTS CONCERNING whether maltodextrin can be labeled "natural."

**REQUEST NO. 21.**

All DOCUMENTS CONCERNING how maltodextrin is manufactured.

**REQUEST NO. 22.**

All DOCUMENTS CONCERNING whether citric acid can be labeled "natural."

**REQUEST NO. 23.**

All DOCUMENTS CONCERNING how citric acid is manufactured.

**REQUEST NO. 24.**

All DOCUMENTS CONCERNING whether dextrose can be labeled "natural."

**REQUEST NO. 25.**

All DOCUMENTS CONCERNING how dextrose is manufactured.

**REQUEST NO. 26.**

All DOCUMENTS CONCERNING whether evaporated cane syrup can be labeled "natural."

**REQUEST NO. 27.**

All DOCUMENTS CONCERNING how evaporated cane syrup is manufactured.

**REQUEST NO. 28.**

All DOCUMENTS CONCERNING Acrylamide and the PRODUCTS.

**REQUEST NO. 29.**

All DOCUMENTS CONCERNING how the PRODUCTS are manufactured.

**REQUEST NO. 30.**

All DOCUMENTS CONCERNING the manufacturing processes used to create the Products and CONCERNING the "natural" labels applied to them.

3

**REQUEST NO. 31.**

All DOCUMENTS CONCERNING where the PRODUCTS are manufactured.

**REQUEST NO. 32.**

All DOCUMENTS CONCERNING consumer understanding or opinion of GMOs or the use of GMOs in food products, including, but not limited to, consumer surveys, whether prepared by YOU, on YOUR behalf, or by third parties.

**REQUEST NO. 33.**

All DOCUMENTS CONCERNING any communication to and from any health organizations or governmental agencies concerning the presence of GMOs in the PRODUCTS.

**REQUEST NO. 34.**

DOCUMENTS sufficient to identify the monthly unit sales volume, gross sales amount, net sales amount, revenues, profits, and losses relating to the PRODUCTS in the United States from February 15, 2009, to the present.

**REQUEST NO. 35.**

DOCUMENTS sufficient to identify the monthly unit sales volume, gross sales amount, net sales amount, revenues, profits, and losses relating to the PRODUCTS in California from February 15, 2009, to the present.

**REQUEST NO. 36.**

All DOCUMENTS CONCERNING the cost, pricing, and sales of the PRODUCTS in the United States during the period February 15, 2009, to the present, including, but not limited to, any relative, comparative, or strategic analysis, assessment, evaluation, or other study or inquiry regarding the cost, pricing, or sales of the PRODUCTS.

**REQUEST NO. 37.**

All DOCUMENTS CONCERNING the cost, pricing, and sales of the PRODUCTS in California during the period February 15, 2009, to the present including, but not limited to, any relative, comparative, or strategic analysis, assessment, evaluation, or other study or inquiry regarding the cost, pricing, or sales of the PRODUCTS.

**REQUEST NO. 38.**

Organizational charts identifying any of YOUR employees involved in the marketing of the PRODUCTS.

**REQUEST NO. 39.**

Organizational charts identifying any of YOUR employees involved in the MARKETING of PIRATE BRANDS as an "all natural" or "natural" brand, including in connection with B&G FOODS' acquisition of PIRATE BRANDS.

**REQUEST NO. 40.**

DOCUMENTS identifying any PERSON or entity other than YOUR employees – including, but not limited to, advertising agencies and all employees of advertising agencies – involved in the marketing of the PRODUCTS.

**REQUEST NO. 41.**

DOCUMENTS identifying any PERSON or entity other than YOUR employees – including but not limited to advertising agencies and all employees of advertising agencies – involved in the marketing of PIRATE BRANDS as a "natural" or "all natural" brand, including in connection with B&G FOODS' acquisition of PIRATE BRANDS.

**REQUEST NO. 42.**

All DOCUMENTS CONCERNING branding of the PRODUCTS.

**REQUEST NO. 43.**

All DOCUMENTS CONCERNING market research CONCERNING the PRODUCTS.

**REQUEST NO. 44.**

All DOCUMENTS CONCERNING target purchasers of the PRODUCTS.

**REQUEST NO. 45.**

All DOCUMENTS CONCERNING demographics of purchasers of the PRODUCTS.

**REQUEST NO. 46.**

All COMMUNICATIONS with B&G FOODS CONCERNING this litigation or *Valasquez v. Robert's Am. Gourmet Food LLC*, Case No. 1:12-cv-06307-SLT-VVP (E.D.N.Y.).

5

1  **REQUEST NO. 47.**

2       All DOCUMENTS that support or contradict the statement, which has appeared on YOUR

3  website, that "[VMG]'s expertise in areas like packaging, distribution, manufacturing and other key

4  components drew Erlich to the firm.

5  **REQUEST NO. 48.**

6       All DOCUMENTS that support or contradict the statement, which has appeared on YOUR

7  website, that "[b]efore even closing the deal, [VMG] began working with [PIRATE BRANDS] on

8  new flavors and package redesigns, [Michael Mauzé] said."

9

10                              **DEFINITIONS**

11      The following definitions apply to each of the requests for DOCUMENTS set forth herein and

12  are deemed to be incorporated in each of the requests:

13      1.      "YOU" means VMG Equity Partners GP, L.P., and all of its officers, directors,

14  trustees, agents, employees, staff members, paid consultants, predecessors, successors, parents,

15  subsidiaries, divisions, franchises, or affiliates, and any person acting on behalf of any of the

16  aforementioned, including without limitation VMG Tax-Exempt, L.P.; VMG Partners, LLC; VMG

17  Pirate's Booty Blocker, Inc.; and VMG Taxable, L.P.

18      2.      The term PIRATE BRANDS mean Robert's American Gourmet Food, LLC (doing

19  business as Pirate Brands) and all of its officers, directors, trustees, agents, employees, staff

20  members, paid consultants, predecessors, successors, parents, subsidiaries, divisions, franchises, or

21  affiliates, and any person acting on behalf of any of the aforementioned.

22      3.      "B&G FOODS" means B&G Foods, Inc., and all of its officers, directors, trustees,

23  agents, employees, staff members, paid consultants, predecessors, successors, parents, subsidiaries,

24  divisions, franchises, or affiliates, and any person acting on behalf of any of the aforementioned,

25  including without limitation B&G Foods North America, Inc. and OT Acquisition, LLC.

26      4.      The terms GMO and GMOs mean genetically modified organisms.

27      5.      The term DOCUMENT is defined to be synonymous in meaning and equal in scope to

28  the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A).

6

A draft or non-identical copy of a DOCUMENT is a separate document within the meaning of this term.

6. As used herein the term DOCUMENT also includes any DOCUMENT that did exist but, as of the date of response and production, has been destroyed, lost, misplaced, or is otherwise unavailable. For any such DOCUMENT, the response must to the extent possible identify the DOCUMENT by date, subject matter, author, addressee, and person(s) to whom the DOCUMENT was distributed; must state whether the DOCUMENT was lost, destroyed, or misplaced; and must state the name and address of the person who last had custody of or knowledge of the existence of the DOCUMENT.

7. The term CONCERNING means relating to, referring to, describing, evidencing, summarizing, memorializing, or constituting the subject.

8. The term PERSON is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association

9. The term MARKETING MATERIAL means the use of any print advertisement, including labels and packaging, radio advertisement, television advertisement, internet advertisement, banner advertisement, billboard, website, letter, postcard, brochure, pamphlet, packaging, offer, placard, in-store display, or other attempt, effort, or process that conveys any information, invitation, or offer to any PERSON to purchase any of the PRODUCTS.

10. The terms PRODUCT or PRODUCTS mean PIRATE BRANDS' following products: (1) Original Tings Crunchy Corn Sticks, (2) Pirate's Booty Aged White Cheddar Rice and Corn Puffs, (3) Pirate's Booty Barrrrrbeque Rice and Corn Puffs, (4) Pirate's Booty Chocolate Rice and Corn Puffs, (5) Pirate's Booty New York Pizza Rice and Corn Puffs, (6) Pirate's Booty Sour Cream & Onion Rice and Corn Puffs, and (7) Pirate's Booty Veggie Rice and Corn Puffs, (8) Potato Flyers Homestyle Barbeque Baked Potato Chips, (9) Potato Flyers Sour Cream & Onion Baked Potato Chips, (10) Potato Flyers The Original Baked Potato Chips, and (11) Smart Puffs Real Wisconsin Cheddar Baked Cheese Puffs.

11. The term ALL NATURAL ADVERTISING means and includes any and all statements, pictures, or sounds used by PIRATE BRANDS in any and all MARKETING

7

MATERIALS to convey the message that PIRATE BRANDS is a brand of all natural food and/or that the PRODUCTS are made from all natural ingredients, including without limitation the following statements used in MARKETING MATERIALS for the PRODUCTS:

- "All Natural";
- "These tasty puffs are baked to perfection with real, all natural ingredients";
- "At Pirate Brands, we have been creating healthier treasures since 1987 with the belief you shoudn't have to 'sacrifice' taste for health… Arrr!";
- "We've created products for the whole family that are all natural, baked AND delicious";
- "Ahoy There!

     You've discovered the isle of healthy snacking. Abundant with all natural, deliciously baked treasures. We've eliminated trans fats and gluten to keep our ingredients simple and family snacking guilt free. Our only additives are just good fun. So get onboard with Pirate's Booty, Smart Puffs, Tings, and Potato Flyers, and join the healthy snacking revolution.";
- "The Pirate Brands story began in 1987 in Sea Cliff, NY with our founder, Robert. Robert, a snack industry renegade and father of two, scoured the high-seas for a tasty treasure that would inspire people to live a little healthier and have fun while doing it. That's when Robert discovered the cheesy rice and corn puffs we know today as, Pirate's Booty.

     Thanks to Robert and his tasty treasure, no longer do you have to eat 'cheese' puffs dusted with neon orange powder with incomprehensible ingredients. When you buy Pirate Brands products, you are getting wholesome goodness without the guilt.

     We've created products for the whole family that are all natural, baked AND delicious. We've eliminated fryers and trans fats from all of our products and keep the ingredients simple (no need to Google® search today). Our only additives are just good, wholesome fun.

It's been 20 years and we're still continuing our journey by offering fun, and deliciously baked all-natural snacks. You can find Pirate Brands products including, Pirate's Booty, Smart Puffs Potato Flyers and Original Tings at a supermarket near you or at our online store!

Our consumers, family and friends are very important to us. Your loyalty has been longstanding and we thank you for being part of our journey.";

- "Pirate Brands' snack food products are delectably crunchy, all-natural, baked, trans fat, gluten free and possess great subtle flavors that will have you craving more!";

- "[O]ur products do not qualify as organic, but all Pirate Brands' products are all-natural. According to the Food and Drug Act, products are deemed 'all-natural' if nothing artificial or synthetic including color additives, regardless of source has been included in or added to a food that would normally be expected to be in that food. All of Pirate Brands' products meet and exceed the Food and Drug Act's definition of 'all-natural.'";

- "An all natural snack to guide you through a journey to find your booty";

- "Pirate's Booty: The All Natural Baked Snack"; and

- "Ahoy matey! Drop anchor and discover our all natural treasure, Pirate's Booty!"

# EXHIBIT C

## Noah Hagey

| From: | Noah Hagey |
|---|---|
| Sent: | Thursday, August 08, 2013 2:49 PM |
| To: | 'Tina Wolfson' |
| Cc: | Ted Maya; Robert Ahdoot; Candy Jadis; Rebecca Cross; Allyson Fair; Matthew Borden |
| Subject: | RE: Hill v. Robert's American Gourmet Food, LLC et al., Case No. 13-cv-4239 (EDNY) |

Tina,

I attempted to reach you yesterday afternoon at the indicated time but you were not in the office. At this point, there is nothing ambiguous or unclear that needs to be further resolved, particularly after our repeated requests and my call to Mr. Maya to withdraw the subpoena. We have already given Mr. Hill more than a week to remedy his violation of the Court's Order. As you know, in that Order, Judge Rogers held that "Discovery is **STAYED** until the Case Management Conference is held, at which time the parties may address whether a further stay of discovery is appropriate." (Dkt No. 50 (emphasis in original).) You and he also obviously knew about this Order before serving the subpoena, and have articulated no theoretical ground for disobeying it. Parties in such circumstances are not required to meet and confer indefinitely, particularly as here where we advised you of the subpoena defect before its service on VMG. Mr. Hill ignored our warnings and now persists in maintaining it (under the guise of continuing to discuss the issue) – much like he did his prior false pleading against VMG II.

Unfortunately, based on our below communications and my call with Mr. Maya, it is evident plaintiff will not comply with the discovery stay, and thus our need to protect VMG from further expense. We are filing our papers this afternoon and will transmit a conformed copy once received back from the Court.

Regards,

Noah

J. Noah Hagey, Esq.
**BraunHagey & Borden LLP**
220 Sansome Street, 2nd Floor
San Francisco, CA 94104
Office: (415) 599-0211
Cell: (415) 968-9067
Fax: (415) 276-1808

**From:** Tina Wolfson [mailto:twolfson@ahdootwolfson.com]
**Sent:** Tuesday, August 06, 2013 1:52 PM
**To:** Noah Hagey
**Cc:** Ted Maya; Robert Ahdoot; Candy Jadis; Rebecca Cross; Allyson Fair; Matthew Borden
**Subject:** Re: Hill v. Robert's American Gourmet Food, LLC et al., Case No. 13-cv-4239 (EDNY)

Noah,

Your correspondence makes it transparent that your primary interest is to churn up unnecessary attorney fees rather than conduct a meet and confer in good faith.

I will not waste time re-addressing your empty rhetoric with respect to naming VMG. I have done so in the past. Your accusations have no merit for all the reasons stated before. In summary, however, we have never conceded and do not concede that the claims against VMG were frivolous, only that the wrong entity was named. You could have dispelled the latter issue quickly and efficiently for your client by brining it up in a telephone conversation. Instead, you chose to churn up unnecessary attorney fees in frivolous motion work.

With respect to the issue of the subpoena, you have now explained for the first time that your position is that Judge Rogers Gonzales' stay is in effect despite the fact that she transferred the case to EDNY, again an issue you could have stated clearly in your initial communication and saved all the useless rhetoric. While we disagree with your position, we are available to discuss it further in good faith pursuant to the local rules. Your conversation with Mr. Maya yesterday does not constitute a meet and confer pursuant to the LR because Mr. Maya's only statement was that we are considering your position and will get back to you.

We are available at 4:30 p.m. tomorrow or 3:00 p.m. Thursday. Let us know which time works for you.

1

Respectfully,
Tina Wolfson

AHDOOT & WOLFSON, PC
10850 Wilshire Blvd., Suite 370
Los Angeles, California 90024
Tel (310) 474-9111
Fax (310) 474-8585

********

*The information in this electronic mail is confidential and may be privileged. If you are not the intended recipient, you are hereby notified that any review, dissemination, disclosure, copying, or distribution of the information in these documents is strictly prohibited. If you have received this communication in error, please contact the sender by reply mail and destroy all copies of the original message.*

********

*IRS circular230: under U.S. treasury regulations, we are required to inform you that any tax advice contained in this communication (including any attachment) is not intended to be used, and cannot be used, to avoid penalties imposed under the internal revenue code.*

**From:** Noah Hagey <hagey@braunhagey.com>
**Date:** Tue, 6 Aug 2013 11:18:32 -0700
**To:** Tina Wolfson <twolfson@ahdootwolfson.com>
**Cc:** Ted Maya <tmaya@ahdootwolfson.com>, Robert Ahdoot <rahdoot@ahdootwolfson.com>, Candy Jadis <cjadis@ahdootwolfson.com>, Rebecca Cross <cross@braunhagey.com>, Allyson Fair <fair@braunhagey.com>, Matthew Borden <borden@braunhagey.com>
**Subject:** RE: Hill v. Robert's American Gourmet Food, LLC et al., Case No. 13-cv-4239 (EDNY)

Tina,

These seriatim emails are not helpful, which is why the LR require parties to meet and confer in person or telephonically. You apparently are refusing to do both.

We again urge you to withdraw Mr. Hill's improper subpoena and end your and Mr. Hill's (now acknowledged) contempt of Judge Rogers' order. If we are forced to file a motion, we will seek relief against you and Mr. Hill, regardless of whether you subsequently do what we are giving you the opportunity to do now – and asked you to do prior to serving the subpoena.

These repeated attempts to increase the burden of defending this action are contrary to the strictures guiding putative class representatives and their counsel.

Mr. Hill has engaged in a pattern of sanctionable filings designed to multiply this litigation and subvert lawful Court orders. For example, you left the claims against VMG – which you concede are frivolous – pending after we informed you there was no basis in fact or law (and even served a Rule 11 motion), repeatedly referred Judge Rogers to those pleadings in the hopes of avoiding transfer, and then sought to withdraw them in part, literally minutes after Judge Rogers granted the motion to transfer the case. You have now intentionally violated the stay order in hopes of

2

subverting Judge Townes's efforts to have an orderly and coordinated disposition of your claims, which was also the purpose of Judge Rogers staying discovery and transferring the case.

To the extent you have anything you wish to discuss, please feel free to give me a call. I already spoke with your colleague Ted Maya on this issue and have now sent numerous emails as well. If we do not have confirmation of your withdrawal of the subpoena by 3 p.m. today, we will proceed with moving to quash and for related relief outlined here and below.

Regards,

Noah


J. Noah Hagey, Esq.
BraunHagey& BordenLLP
220 Sansome Street, 2nd Floor
San Francisco, CA 94104
Office: (415) 599-0211
Cell: (415) 968-9067
Fax: (415) 276-1808

---

**From:** Tina Wolfson
**Sent:** Tuesday, August 06, 2013 8:32 AM
**To:** Noah Hagey
**Cc:** Ted Maya; Robert Ahdoot; Candy Jadis; Rebecca Cross; Allyson Fair; Matthew Borden
**Subject:** Re: Hill v. Robert's American Gourmet Food, LLC et al., Case No. 13-cv-4239 (EDNY)

Noah:

You appear to continue to misunderstand. We ARE meeting and conferring with you. This is the first that you mentioned a stay on discovery that you believe is in effect. Are you referring to the stay issued by Judge Gonzales Rogers or some other stay?

We are not refusing to meet and confer with you – this is the purpose of these emails. Once we understand your position, we can discuss further. Thank you.

---

**From:** Noah Hagey <hagey@braunhagey.com>
**Date:** Tue, 6 Aug 2013 08:24:10 -0700
**To:** Tina Wolfson <twolfson@ahdootwolfson.com>
**Cc:** Ted Maya <tmaya@ahdootwolfson.com>, Robert Ahdoot <rahdoot@ahdootwolfson.com>, Candy Jadis <cjadis@ahdootwolfson.com>, Rebecca Cross <cross@braunhagey.com>, Allyson Fair <fair@braunhagey.com>, Matthew Borden <borden@braunhagey.com>
**Subject:** Re: Hill v. Robert's American Gourmet Food, LLC et al., Case No. 13-cv-4239 (EDNY)

Tina, we alerted you to the court's stay of discovery over a week ago and before Mr. Hill served his harassing subpoena on Robert's American's investor. After emailing to confer, I also called Ted in your office yesterday to discuss the issue. Given that you still refuse to provide a time to meet and confer further telephonically, we will proceed to file our motion to quash and seek appropriate remedies for your client's continued (and expanding) abuse of the judicial process. Feel free to call me if you reconsider your client's position.

J. Noah Hagey

BraunHagey & Borden LLP
hagey@braunhagey.com
(415) 599-0211

On Aug 5, 2013, at 10:13 PM, "Tina Wolfson" <twolfson@ahdootwolfson.com> wrote:

Noah:

My email below means what it says: we are meeting and conferring in good faith in order to avoid unnecessary disputes. What is the basis for your assertion that discovery is stayed?

**From:** Noah Hagey <hagey@braunhagey.com>
**Date:** Mon, 5 Aug 2013 22:05:43 -0700
**To:** Tina Wolfson <twolfson@ahdootwolfson.com>
**Cc:** Ted Maya <tmaya@ahdootwolfson.com>, Robert Ahdoot <rahdoot@ahdootwolfson.com>, Candy Jadis <cjadis@ahdootwolfson.com>, Rebecca Cross <cross@braunhagey.com>, Allyson Fair <fair@braunhagey.com>, Matthew Borden <borden@braunhagey.com>
**Subject:** Re: Hill v. Robert's American Gourmet Food, LLC et al., Case No. 13-cv-4239 (EDNY)

Tina, I think our position is clear -- discovery is stayed and the matter is being consolidated with the first filed Velasquez case in EDNY. Based on your email below and my call today to Ted, it is clear you are not withdrawing the subpoena and are, in fact, preparing to issue further improper discovery. Let me know when you or Ted are available to meet and confer per the LR. Thanks,

Noah

J. Noah Hagey
BraunHagey & Borden LLP
hagey@braunhagey.com
(415) 599-0211

On Aug 5, 2013, at 9:41 PM, "Tina Wolfson" <twolfson@ahdootwolfson.com> wrote:

Noah:

The subpoena asks for relevant information within VMG's control and is thus a proper use of discovery. We are preparing discovery to be served on Robert's as well.

Your office sets for the second time the proposition that "discovery has not commenced" without any basis. On what do you base this assertion?

Respectfully,
Tina Wolfson

AHDOOT & WOLFSON, PC
10850 Wilshire Blvd., Suite 370
Los Angeles, California 90024
Tel (310) 474-9111
Fax (310) 474-8585

\*\*\*\*\*\*\*\*

*The information in this electronic mail is confidential and may be privileged. If you are not the intended recipient, you are hereby notified that any review, dissemination, disclosure, copying, or*

4

*distribution of the information in these documents is strictly prohibited. If you have received this communication in error, please contact the sender by reply mail and destroy all copies of the original message.*

********

*IRS circular230: under U.S. treasury regulations, we are required to inform you that any tax advice contained in this communication (including any attachment) is not intended to be used, and cannot be used, to avoid penalties imposed under the internal revenue code.*

**From:** Noah Hagey <hagey@braunhagey.com>
**Date:** Mon, 5 Aug 2013 12:01:16 -0700
**To:** Ted Maya <tmaya@ahdootwolfson.com>
**Cc:** Tina Wolfson <twolfson@ahdootwolfson.com>, Robert Ahdoot <rahdoot@ahdootwolfson.com>, Candy Jadis <cjadis@ahdootwolfson.com>, Rebecca Cross <cross@braunhagey.com>, Allyson Fair <fair@braunhagey.com>, Matthew Borden <borden@braunhagey.com>
**Subject:** RE: Hill v. Robert's American Gourmet Food, LLC et al., Case No. 13-cv-4239 (EDNY)

Ted,

Your client's subpoena on VMG Equity Partners GP, L.P was improperly issued and should be withdrawn, both because it represents an obvious fishing expedition of an ex-third party investor in Robert's American, and because discovery has not commenced. Responding to the subpoena will also cause further unnecessary expense and attorney's fees for my client. I draw your specific attention to FRCP 45 sub-section (c)(1) which imposes mandatory sanctions on Mr. Hill and/or your office where you have not taken reasonable steps to eliminate the burden on the responding party. Here, because the subpoena should never have been issued in the first place, it has clearly caused "undue burden or expense."

We'd like to avoid another sanctions motion in this case and accordingly again request that Mr. Hill withdraw the subpoena. Assuming he refuses, let me know when are available to meet and confer under ND Cal. LR 37-1 in advance of VMG's motion to quash. I am available this afternoon after 2:30pm. or tomorrow morning after 10am. Just let me know what works for you.

Thanks,

Noah

J. Noah Hagey, Esq.
**BraunHagey& Borden LLP**
220 Sansome Street, 2nd Floor
San Francisco, CA 94104
Office: (415) 599-0211
Cell: (415) 968-9067
Fax: (415) 276-1808

**From:** Ted Maya [mailto:tmaya@ahdootwolfson.com]
**Sent:** Wednesday, July 31, 2013 2:29 PM
**To:** Matthew Borden; Noah Hagey
**Cc:** Tina Wolfson; Robert Ahdoot; Candy Jadis; Rebecca Cross; Allyson Fair
**Subject:** Re: Hill v. Robert's American Gourmet Food, LLC et al., Case No. 13-cv-4239

Matt,

We have had our Rule 26(f) conference and filed our case nearly six months ago; we do not agree that discovery has not started. The case you cite below in no way supports the proposition that service of the subpoena I sent you in this case can somehow subject us to sanctions.

Ted

Theodore Maya

**AHDOOT & WOLFSON, PC**
10850 Wilshire Boulevard, Suite 370
Los Angeles, California 90024
Phn:   (310) 474-9111
Fax:   (310) 474-8585
E-mail: tmaya@ahdootwolfson.com

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

IRS CIRCULAR 230: UNDER U.S. TREASURY REGULATIONS, WE ARE REQUIRED TO INFORM YOU THAT ANY TAX ADVICE CONTAINED IN THIS COMMUNICATION (INCLUDING ANY ATTACHMENT) IS NOT INTENDED TO BE USED, AND CANNOT BE USED, TO AVOID PENALTIES IMPOSED UNDER THE INTERNAL REVENUE CODE.

**From:** Matthew Borden <borden@braunhagey.com>
**Date:** Tuesday, July 30, 2013 6:15 PM
**To:** Ted Maya <tmaya@ahdootwolfson.com>, Noah Hagey <hagey@braunhagey.com>
**Cc:** Tina Wolfson <twolfson@ahdootwolfson.com>, Robert Ahdoot <rahdoot@ahdootwolfson.com>, "Candy A. Jadis" <cjadis@ahdootwolfson.com>, Rebecca Cross <cross@braunhagey.com>, Allyson Fair <fair@braunhagey.com>
**Subject:** RE: Hill v. Robert's American Gourmet Food, LLC et al., Case No. 13-cv-4239

Ted, not sure why are you sending this. Discovery hasn't started. Obviously, if it is served, we will seek sanctions. *See Molefi v. Oppenheimer Trust*, No. 03-5631 FB(VVP), 2007 WL 538547 (E.D.N.Y. Feb. 15, 2007).

Matt

Matthew Borden, Esq.
(415) 599-0212

6

borden@braunhagey.com

**From:** Ted Maya [mailto:tmaya@ahdootwolfson.com]
**Sent:** Tuesday, July 30, 2013 1:26 PM
**To:** Matthew Borden; Noah Hagey
**Cc:** Tina Wolfson; Robert Ahdoot; Candy Jadis
**Subject:** Hill v. Robert's American Gourmet Food, LLC et al., Case No. 13-cv-4239

Counsel,

Attached please find a subpoena that we will serve on VMG.

Thank you,

Theodore Maya

**AHDOOT & WOLFSON, PC**
10850 Wilshire Boulevard, Suite 370
Los Angeles, California 90024
Phn:    (310) 474-9111
Fax:    (310) 474-8585
E-mail: tmaya@ahdootwolfson.com

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR
THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS
MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS
PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN
INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE,
DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY
PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE,
AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR
SYSTEM. THANK YOU.

IRS CIRCULAR 230: UNDER U.S. TREASURY REGULATIONS, WE ARE REQUIRED TO
INFORM YOU THAT ANY TAX ADVICE CONTAINED IN THIS COMMUNICATION
(INCLUDING ANY ATTACHMENT) IS NOT INTENDED TO BE USED, AND CANNOT BE
USED, TO AVOID PENALTIES IMPOSED UNDER THE INTERNAL REVENUE CODE.