IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HILL, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>ROBERT'S AMERICAN GOURMET FOOD, LLC, *et al*,<br><br>    Defendant.<br>_____/ | No. C -13-80166 MISC JST (EDL)<br><br>**ORDER GRANTING THIRD-PARTY VMG'S MOTION TO QUASH AND MOTION FOR SANCTIONS** |

In this putative class action case about food labeling, Plaintiff Hill has subpoenaed records from third party VMG Equity Partners GP, L.P., ("VMG"). VMG has moved to quash the subpoena, and also moved for sanctions. For the reasons stated herein, the motions are granted, and the hearing on the motions, currently scheduled for September 17, 2013, is vacated.

**Background**

The underlying case was filed on February 15, 2013 in this District. See Hill v. Robert's American Gourmet Food, LLC, et al., C-13-0696 YGR (N.D. Cal.) (Docket No. 1). Plaintiff claims that he was deceived by the "all natural" label on Defendant Robert's American Gourmet Food's snack food products (including Pirate's Booty) into thinking that the foods contained no genetically modified ingredients. Third party VMG is an investment firm and one of the initial investors in Defendant. Plaintiff earlier named an affiliated entity as a co-defendant but dismissed that entity once the case was transferred. Mot. at 4 n.2.

On May 21, 2013, Defendant moved to transfer the case to the Eastern District of New York so that it could be consolidated with an earlier filed case. It then moved for a stay of discovery. Judge Gonzalez Rogers granted that motion on June 20, 2103, ordering that discovery was stayed

1  until the case management conference was held. See Case No. 13-cv-0696, Docket No. 50. On July
2  10, 2013, the court granted the transfer motion. Id. Docket No. 61.

3  On July 30, 2013, Plaintiff's counsel emailed VMG's counsel to inform him that she would
4  shortly be serving a subpoena under Federal Rule of Civil Procedure 45. VMG's counsel responded
5  that since Judge Gonzalez Rogers had ordered a stay of discovery, the subpoena should not be
6  issued. Declaration of J. Noah Hagey ISO VMG's Motion to Quash ("Hagey Decl.") ¶ 2, Ex. A.
7  Plaintiff's counsel nonetheless served the subpoena, which seeks 48 categories of documents related
8  to the marketing, pricing, sales, and manufacture of Defendant's products, and other details of
9  VMG's operations. Id. Ex. B.

10  The parties went back and forth via e-mail and phone over the next week, with VMG arguing
11  that discovery was stayed and that any subpoena would violate Federal Rule of Civil Procedure 45,
12  and Plaintiff's counsel arguing that the case was six months old and that the stay order was intended
13  only to give Judge Gonzalez Rogers time to consider the transfer motion. See Hagey Decl. Exs. A,
14  C. Although the two principal attorneys appear not to have spoken directly on the phone, there was
15  some phone contact between other counsel and an exchange of voicemails between lead counsel.
16  See Hagey Decl. ¶ 7. The parties have met the meet-and-confer requirement.

17  On August 8, 2013, after notifying Plaintiff's counsel of his plan, VMG's counsel filed this
18  motion to quash. On the same day, but separately, as required by Civil Local Rule 7-8, VMG filed a
19  motion for sanctions claiming violation of Federal Rule of Civil Procedure 45. There was some
20  confusion on the part of Plaintiff's counsel about the filing of the motions. Although VMG's
21  counsel informed Plaintiff's counsel that VMG would be filing the motions and sent copies of the
22  papers to her via e-mail and via overnight Federal Express, Plaintiff's counsel claims that she did not
23  know about the motions until an independent PACER search revealed the motions on August 14,
24  2013. Opp. at 3; Declaration of Tina Wolfson ISO Plaintiff's Opposition ("Wolfson Decl.") ¶ 9.

25  Plaintiff claims that VMG violated the local rules by failing to notice the motion for a
26  particular date. Because the initial case had been transferred, the motion to quash appropriately
27  started a new, miscellaneous case in the Northern District of California relating only to the subpoena
28  issued from this District. The case was assigned to Judge Tigar when the motion to quash was filed.

2

1 The sanctions motion should have been noticed for a specific hearing date in conformance with Civil Local Rule 7-2 under Civil Local Rule 7-8(a), but given the unusual posture of the case as a new miscellaneous proceeding and the fact that VMG provided a copy of the motion to Plaintiff via email on the day it was filed and again via Federal Express the next day, the Court will reach the merits of VMG's motions.

On September 4, 2013, after briefing on the two motions was completed, Plaintiff filed a notice of MDL proceedings, notifying the Court of a pending motion to transfer the Eastern District of New York case and five related actions to the Judicial Panel on Multidistrict Litigation in the Southern District of Florida. See Docket No. 10. The motion was filed by counsel in another case. VMG responded, arguing that no case had been transferred to the JPML and that the purported JPML motion does not include this proceeding, and that the notice was an attempt by Plaintiff to avoid adjudication of the subpoena. Docket No. 11. Plaintiff responded that it was simply notifying the Court of the pending motion, not urging the Court to act or refrain from acting. Docket No. 12. The notice was appropriately filed and has no impact on the Court's analysis of the two motions.

**Legal Standard**

Under Federal Rule of Civil Procedure 45(a)(1)(c), any party may serve a subpoena commanding a nonparty "to produce documents, electronically stored information, or tangible things . . . ." Fed. R. Civ. P. 45(a)(1)(C). The subpoena may command the production of documents which are "not privileged" and are "relevant to any party's claim or defense" or "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Federal Rule of Civil Procedure 45(c)(1) states: "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply." Fed. R. Civ. P. 45(c)(1).

**Discussion**

Motion to Quash

VMG argues that Plaintiff issued the subpoena in direct violation of the stay order, which

3

stated: "Discovery is STAYED until the case management conference is held, at which time the parties may address whether a further stay of discovery is appropriate." Case No. 13-696, Docket No. 50. VMG cites a Ninth Circuit bankruptcy appeal panel case for the proposition that if a subpoena should not have been issued at all, everything done in response to it is an undue burden or expense under Rule 45. In re Shubov, 253 B.R. 540, 547 (B.A.P, 9th Cir. 2000).

VMG further argues that the subpoena imposes an undue burden because its 48 document requests are overly broad and seek information that should be sought directly from a party to the litigation, rather than from a third party. It contends that Plaintiff has no basis for believing that VMG has any responsive documents or that the requested documents are not in the possession of Defendant.[1]

Plaintiff counters that the stay order issued by Judge Gonzalez Rogers was meant to stay discovery while the court considered the transfer motion. That motion having been decided, Plaintiff contends, the justification for the order no longer exists. Opp. at 1. Plaintiff argues that VMG was properly named as a defendant (though it acknowledges dismissing an incorrectly named corporate entity) and possesses critical information relevant to the case. VMG is represented by the same counsel as Defendant. Plaintiff contends that six months have passed since the filing of suit and that there is no basis for discovery not to proceed.

The key question here is whether Judge Gonzalez Rogers's stay of discovery in the Northern District of California case means that discovery continues to be stayed – and a subpoena therefore barred – in the transferred and consolidated case in the Eastern District of New York. The answer is plain under binding authority. Regardless of Judge Gonzalez Rogers's motivation for ordering the stay, it was not lifted before the case was transferred to the Eastern District of New York. The Ninth Circuit has held (citing a Second Circuit case) that "when an action is transferred, it remains what it was; all further proceedings in it are merely referred to another tribunal, leaving untouched whatever has already been done." Danner v. Himmelfarb, 858 F.2d 515, 521 (9th Cir. 1988) (citing Magnetic Eng'g & Mfg. Co. v. Dings Mfg. Co., 178 F.2d 866, 868 (2d Cir. 1950). Until the stay of discovery

---

[1] VMG also claims that the subpoena was served in order to harass it and retaliate for a related VMG entity's cooperation with Defendant's transfer motion. See Hagey Decl. ¶¶ 8-9.

4

is lifted by the court in the Eastern District of New York, it remains in place, and Plaintiff's subpoena was issued in violation of the stay.

The motion to quash is granted. The Court has not evaluated whether the specific requests in the subpoena are otherwise proper. Therefore, the motion is granted without prejudice to the subpoena being issued again should the Eastern District of New York lift the discovery stay.

Motion for Sanctions

VMG argues that sanctions are mandatory under Rule 45, quoting the Rule's "the issuing court <u>must</u> enforce this duty and impose an appropriate sanction" language. Fed. R. Civ. P. 45(c)(1) (emphasis added). As <u>In re Shubov</u> explained, "[w]hen a subpoena should not have been issued, literally everything done in response to it constitutes 'undue burden or expense' within the meaning of Civil Rule 45." 253 B.R. 540, 547 (B.A.P. 9th Cir. 2000). Furthermore, a premature subpoena inflicts an undue burden. <u>See, e.g.,</u> <u>Faith Satellite Radio, LLC v. Lutheran Church Missouri Synod</u>, No. 10-1373, 2010 WL 3909467 (D.D.C. 2010) (holding that a premature subpoena placed an undue burden, although not imposing sanctions pending the response of the issuing party).

Plaintiff argues that even if the subpoena was premature, it offered not to enforce the subpoena while it sought a ruling from the Eastern District of New York as to the status of Judge Gonzalez Rogers's stay order. Wolfson Decl. Ex. 2 at 1. This, Plaintiff argues, was a "reasonable step[] to avoid imposing undue burden or expense" on VMG. Rule 45(c)(1).

Plaintiff's offer not to enforce the subpoena was indeed a reasonable step to avoid imposing undue burden and expense. However, until that point, Plaintiff had not offered any relief and did not take that step until a few hours before VMG filed its motions, and according to VMG, it did not receive that offer until after the motions were filed. Plaintiff's counsel did not propose her non-enforcement solution until 3:15 pm on August 8, 2013, after she received VMG's counsel's email, sent at 2:49 pm on August 8, 2013 notifying her that VMG was filing the motions that very afternoon. Plaintiff's counsel stated "[m]y proposal was going to be and still is an agreement that we will not enforce the subpoena until a clarification from the NY court was to whether Judge Rogers' stay -- the purpose of which was to deal with the transfer motion -- is still in effect even though she transferred the case." <u>See</u> Wolfson Decl. Ex. 2. She sent a follow-up email at 3:21 pm that said

5

"[p]lease let me know if our proposal is acceptable. If not, I will be available to discuss further tomorrow. You have our agreement that we will not enforce the subpoena until we communicate further." Id. A legal assistant at VMG's counsel's office sent Plaintiff's counsel a copy of the motions via e-mail at 5:20 pm on August 8, 2013, approximately two hours later. Wolfson Decl. Ex. 3.

On Monday, August 12, 2013, Plaintiff's counsel e-mailed VMG's counsel to complain that he failed to respond to her two e-mails from August 8, 2013, or the offer to postpone enforcement of the subpoena contained therein, and instead served the motions. She requested that he withdraw the motion and consider her proposal. Wolfson Decl. Ex. 4. At 9:04 am on Tuesday, August 13, 2013, VMG's counsel responded, stating that by the time he had seen her August 8 e-mails, the office had already filed the motions, and that the proposed solution was inadequate. Id. Ex. 5.

VMG is correct that sanctions are mandatory under Rule 45 when an issuing party does not take "reasonable steps to avoid undue burden or expense," and the subpoena should never have been issued while the discovery stay was in place. However, because of the timing of Plaintiff's offer, two hours before the filing of the motion, VMG could not reasonably avoid incurring the fees associated with drafting the opening motion to quash and motion for sanctions and filing the motions. It could, however, have avoided the fees associated with reviewing and analyzing the opposition brief and drafting and filing the reply brief. It could also have avoided the fees associated with preparing for and drafting its response to Plaintiff's notice of MDL proceedings. The motion for sanctions is granted in part, limited to the fees incurred only in preparing for and filing the motion to quash and the motion for sanctions. VMG is hereby ordered to file a declaration detailing the reasonable fees so incurred, along with a proposed order, no later than September 20, 2013.

**Conclusion**

The motion to quash and motion for sanctions are HEREBY GRANTED.

6

**IT IS SO ORDERED.**

Dated: September 12, 2013


ELIZABETH D. LAPORTE
United States Chief Magistrate Judge

**United States District Court**
For the Northern District of California