IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HILL, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,, <br><br> Plaintiff, <br><br> v. <br><br> ROBERT'S AMERICAN GOURMET FOOD, LLC, ET AL., <br><br> Defendant. | No. C -13-80166(EDL) <br><br> **ORDER REGARDING ATTORNEYS' FEES** |

On September 13, 2013, the Court granted third party VMG's motion to quash the subpoena issued by Plaintiff and its motion for sanctions. Docket No. 14. The Court held that the subpoena should not have been issued and imposed an "undue burden or expense" under Federal Rule of Civil Procedure 45, and that sanctions were warranted. However, the Court noted that Plaintiff had offered not to enforce the subpoena shortly before VMG filed its motions, which was a reasonable step to avoid imposing that undue burden. See Docket No. 14 at 5. Therefore, the Court ordered that attorneys' fees should be awarded only for the work associated with drafting the opening motion to quash and motion for sanctions and filing the motions, not for any work performed after that point. Id.

Counsel for VMG, J. Noah Hagey, has submitted a supplemental declaration to support his fee petition. See Docket No. 15 ("Hagey Decl."). He states that his client incurred $13,148.50 in fees and costs preparing for and filing the two motions, including: 19.5 hours of associate time at $325/hour ($6,337.50); 5.8 hours of Mr. Hagey's time at $695/hour and 2.5 hours of his partner, Matthew Borden's, time, at $675/hour ($5,718.50); 2.5 hours of legal assistant time at $125/hour ($312.50); and Westlaw charges ($780). Hagey Decl. ¶ 3. Mr. Hagey also states that he wrote off

1 approximately $2,000 in fees for time that was inefficiently or duplicatively spent, and that the rates 2 charged by his firm are competitive, especially considering his and Mr. Borden's many years of 3 experience at prominent law firms and conducting high-stakes complex business litigation. Hagey 4 Decl. ¶¶ 4-7.

Plaintiff opposes VMG's fee petition. It argues that a total of 30.3 hours for the preparation of a simple 6-page motion to quash and a 7-page motion for sanctions, plus a declaration, is not reasonable, particularly where the same events are related in all three sets of papers. Plaintiff also objects to the inclusion of Mr. Hagey's correspondence and telephone calls with opposing counsel and with his client. These, Plaintiff argues, are not directly related to "preparing for and filing the motion to quash and the motion for sanctions," as stated in the Court's order. See Opp. at 1; Docket No. 15 at 6. Plaintiff points out that the Court did not consider most of the authority cited by VMG in its motions, but rather concluded that the subpoena was premature because the transfer of the case to the Eastern District of New York left in place the stay of discovery. See Docket No. 14 at 4. Plaintiff claims that VMG's counsel's fees are inflated (although the authority it cites, the Adjusted Laffey Matrix, shows that Mr. Hagey and Mr. Borden may be entitled to $655 per hour, which is not significantly lower than the $695 and $675, respectively, that they claim as their billing rates). Opp. at 2. Finally, Plaintiff objects to VMG's request for the $780 in Westlaw costs, reasoning that the Court ordered that fees be awarded, not fees and costs.

The Court will not lower VMG's counsel's billing rates. Plaintiff is correct that the Court awarded only fees, as opposed to fees and costs, so the Westlaw charges incurred should not be included. Plaintiff is also correct that the Court awarded fees narrowly, only for "preparing for and filing the motions," so the three hours Mr. Hagey spent meeting and conferring with his client and opposing counsel should not be included. The total fee amount awarded is $10,283.50, which is the total of $13,148.50, less $780 in Westlaw charges and $2,085 for three hours of Mr. Hagey's time at $695 per hour.

2

**IT IS SO ORDERED.**

Dated: 10/11/13

_____
ELIZABETH D. LAPORTE
United States Chief Magistrate Judge